UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: StockerYale, Inc. Securities Litigation | Master File No. 1:05cv00177-SM |
| | CLASS ACTION |

## ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT

WHEREAS, a consolidated action is pending before the Court entitled In re: StockerYale, Inc. Securities Litigation, Master File No. 1:05cv00177-SM (D.N.H.) (the "Action"); and

WHEREAS, the Parties having made application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement of this Action in accordance with the Stipulation and Agreement of Settlement, dated June 26, 2007 (the "Stipulation"), which together with the exhibits annexed thereto, set forth the terms and conditions for a proposed Settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the exhibits annexed thereto;

IT IS HEREBY ORDERED:

1. The terms defined in the Stipulation are incorporated herein.

2. The Settlement of the Action, as set forth in the Stipulation, is preliminarily approved as fair, reasonable, and adequate, subject to further consideration at the Settlement Hearing described below.

3. Pursuant to the Stipulation, the Court preliminarily finds that this Action meets the class certification requirements of Rule 23 of the Federal Rules of Civil Procedure and that the Class consists of all persons who purchased, otherwise acquired, or sold StockerYale common stock during the period from April 19, 2004 through and including May 24, 2005. Excluded from the Class are the Defendants, any officer or director of Defendants, members of the immediate family of any individual defendant, any entity in which any Defendant has a controlling interest, and the legal representatives, heirs, successors, or assigns of any such excluded party, and any persons who have separately filed actions against one or more of the Defendants based in whole or in part on any claim arising out of or relating to any of the acts, omissions, misrepresentations, facts, events, matters, transactions or occurrences referred to in the Action or otherwise alleged, asserted or contended in the Action. Also excluded from the Class are those persons who file valid and timely requests for exclusion in accordance with this Order.

4. In preliminarily certifying this Class, the Court preliminarily concludes that the requirements of Fed. R. Civ. P. Rules 23(a) and 23(b)(3) are satisfied, in that: (a) the Class is so numerous that joinder of all members is impractical; (b) there are questions of law and fact common to all members of the Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the members of the Class; (d) Lead Plaintiffs will fairly and adequately protect the interests of the members of the Class; (e) Plaintiffs' Lead Counsel are qualified to represent the Class; (f) the questions of law and/or fact common to the members of the Class predominate over

any such questions affecting only individual members of the Class; and (g) a class action is superior to all other available methods for the fair and efficient adjudication of this Action, considering (i) the interests of the members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the litigation.

  5.  A settlement hearing (the "Settlement Hearing") shall be held before this Court on December 18, 2007 at 10:30 A.M. in Courtroom 2, of the United States Courthouse, 55 Pleasant Street, Concord, NH 03301-3941, to determine: (i) whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court; (ii) whether an Order and Final Judgment as provided in paragraph J of the Stipulation should be entered herein; (iii) whether the proposed plan of allocation of the Net Settlement Fund as set forth in the Stipulation should be approved; and (iv) whether the motion of Lead Plaintiffs' Counsel for the payment of Attorneys' Fees and Expenses is reasonable and should be approved. The Court may adjourn the Settlement Hearing and later reconvene it without further notice to the members of the Class.

  6.  The Court approves, as to form and content, the Notice of Pendency and Settlement of Class Action (the "Notice"), the Summary Notice of Pendency and Settlement of Class Action ("Summary Notice"), and the Proof of Claim and Release form (the "Proof of Claim"), annexed as Exhibits A, B, and C hereto, respectively, and finds that the publication, mailing and distribution of the Notice and Summary Notice substantially in the manner and form set forth in this Order meets the requirements of Rule 23 of the Federal Rules of Civil Procedure,

Section 21(D)(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(1)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. Lead Plaintiffs' Counsel is authorized to issue such Notices and Proof of Claim, in substantially their present form, to those members of the Class that can be identified through reasonable effort.

7. Lead Plaintiffs' Counsel are hereby authorized to retain the firm of Strategic Claims Services (the "Claims Administrator") to supervise and administer the notice procedure as well as processing claims as more fully set forth below:

a. Not later than fourteen (14) calendar days from entry of this Order, Lead Plaintiffs' Counsel shall cause a copy of the Notice and Proof of Claim, substantially in the form of Exhibits A and C annexed hereto, to be mailed by first-class mail to all Class members reasonably identified by the transfer records for StockerYale common stock ("StockerYale Stock") at the Class members' addresses listed on such transfer records (obtained in accordance with subparagraph 7(d) below). The date of such initial mailing shall be referred to as the "Notice Date";

b. Not later ten (10) business days from entry of this Order, Lead Plaintiffs' Counsel shall cause a Summary Notice, substantially in the form annexed as Exhibit B hereto, to be published once in Investor's Business Daily, and shall cause a copy of the Summary Notice to be published electronically on either the PR Newswire or Business Wire;

c. Lead Plaintiffs' Counsel shall also cause copies of the Notice and Proof of Claim to be mailed as soon as practicable to persons who indicate, in response to the Summary Notice or otherwise, that they acquired StockerYale Stock during the Class Period;

    d. Counsel for the Defendants will cooperate to the extent reasonably necessary and exercise their best reasonable efforts to assist Lead Plaintiffs' Counsel in obtaining the transfer records of StockerYale stock during the Class Period. The Claims Administrator, under direction of Lead Plaintiffs' Counsel shall use their best reasonable efforts to obtain from all banks, brokerage firms or other nominees (the "Nominees") shown by the transfer records of StockerYale to have held StockerYale stock during the Class Period, the names and addresses of their customers for whom they held such StockerYale Stock as nominee and who acquired StockerYale stock during the Class Period, and to cause a copy of the Notice, together with a copy of the Proof of Claim, to be promptly mailed by first-class mail to each such customer whose name and address is provided by any Nominee. Alternatively, such Nominees may at their own election make such mailing themselves within ten (10) calendar days of receipt of the Notice; and

    e. At least seven (7) calendar days prior to the Settlement Hearing provided for in Paragraph 5 of this Order, Lead Plaintiffs' Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration under penalty of perjury, of such publication and mailing.

  8. All reasonable costs incurred in identifying and notifying members of the Class as well as administering the Settlement, shall be paid from the Gross Settlement Fund as set forth in the Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiff nor Lead Plaintiffs' Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Notice and Administration Account.

9. All members of the Class shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class.

10. Members of the Class who wish to participate in the Net Settlement Fund shall complete and submit Proofs of Claim in accordance with the instructions contained therein. All Proofs of Claim must be postmarked or received no later than ninety (90) calendar days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court.

11. For purposes of facilitating the processing of claims, Lead Plaintiffs' Counsel and/or the Claims Administrator shall lease and maintain a numbered post office box. All Notices to Class members and other communications regarding the proposed Settlement of these actions shall designate the post office box as the return address. Lead Plaintiffs' Counsel and/or the Claims Administrator shall be responsible for preserving, for a period of two years from the date of distribution of the proceeds of the Net Settlement Fund, all Proofs of Claim and any and all other written communications from Class members or any other person in response to the Notice. Lead Plaintiffs' Counsel and/or the Claims Administrator shall be responsible for responding to inquiries mailed to said post office box, but copies of all written answers to such inquiries shall be maintained and made available for inspection by all counsel in this Action.

12. All members of the Class shall have the option to be excluded from the Class and thereby elect not to participate in the Net Settlement Fund. Such exclusions shall be exercisable by mailing a timely and valid request for exclusion, postmarked no later than forty-five (45) calendar days following the Notice Date, and mailed by first-class mail to the Claims Administrator pursuant to the instructions set forth in the Notice. All persons who timely file

valid requests for exclusion from the Class shall not be Class members, shall have no rights with respect to the Settlement and have no interest in the Gross or Net Settlement Fund, and shall not be bound by the Stipulation or the Order and Final Judgment entered in the Action. Any member of the Class not submitting a valid and timely request for exclusion shall remain a member of the Class.

13. Lead Plaintiffs' Counsel shall promptly provide Defendants' Counsel with a copy of all communications and documentation relating to members of the Class who request exclusion therefrom.

14. Any member of the Class may enter an appearance in the Action, at his or her or its own expense, individually or through counsel of his, her, or its choice. If any member of the Class does not enter an appearance, he, she or it will be represented by Lead Plaintiffs' Counsel.

15. Pending final determination of whether the Settlement should be approved, neither the Class Representatives nor any member of the Class, either directly, representatively, or in any other capacity, shall commence, maintain, or prosecute against any of the Released Parties any action or proceeding in any court or tribunal asserting any of the Settled Claims.

16. Pending final determination of whether the Settlement should be approved, all discovery and all proceedings in the Action are stayed, except for the proceedings relating to the Settlement.

17. Any member of the Class who has not requested exclusion may appear with or without counsel, and show cause, if he, she or it has any, why the proposed Settlement of the Action should not be approved as fair, reasonable and adequate, or why an Order and Final Judgment should not be entered thereon, or why Attorneys' Fees and Expenses should not be awarded to Lead Plaintiffs' Counsel in the amount requested, why an award to Lead Plaintiffs

should not be made or why the Plan of Allocation of the Net Settlement Fund should not be approved; <u>provided</u> that no later than forty-five (45) calendar days following the Notice Date, such Class member: (i) has filed a written statement in support of the objection, together with copies of any papers and briefs, with the Clerk of the United States District Court for the District of New Hampshire, United States Courthouse, 50 Pleasant Street, Room 110, Concord, NH 03301-3941, and (ii) has served copies of such papers by hand or first-class mail upon:

> Laurence Rosen, Esq.
> Phillip Kim, Esq.
> The Rosen Law Firm, PA
> 350 Fifth Avenue
> Suite 5508
> New York, NY 10118
>
> Lead Counsel for Plaintiffs
>
> Mark Mallory, Esq.
> Mallory & Friedman, PLLC
> 8 Green Street
> Concord, NH 03001
>
> Liaison Counsel for Plaintiffs
>
> R. Todd Cronan, Esq.
> Inez H. Friedman-Boyce, Esq.
> Goodwin Procter, LLP
> 53 State Street
> Boston, MA 02109
>
> and
>
> Alexander J. Walker, Esq.
> Devine Millimet & Branch, PA
> 111 Amherst Street
> Manchester, NH 03101
>
> Attorneys for Defendants Mark W. Blodgett, Lawrence W. Blodgett, Francis J. O'Brien, Ricardo A. Diaz, and StockerYale, Inc.

Any member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any

objection to the fairness or adequacy of the proposed Settlement as incorporated in the Stipulation or any Order and Final Judgment that may be entered, to the award of Attorneys' Fees and Expenses to Lead Plaintiffs' Counsel, the award to Lead Plaintiffs, and to the Plan of Allocation.

18.  Any response to any objection(s) to the proposed Settlement or the motion for Attorneys' Fees and Expenses shall be filed no later than fourteen (14) calendar days prior to the Settlement Hearing.

19.  Upon the Effective Date, Lead Plaintiffs and each of the Class Members, on behalf themselves and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees, administrators and any other person or entity having any legal or beneficial interest in StockerYale Stock acquired by any member of the Class during the Class Period, whether or not they file a Proof of Claim within the time provided for, and whether or not they participate in the Net Settlement Fund, shall be deemed conclusively to have fully, finally, unconditionally and forever released, settled and discharged the Released Parties, from and with respect to the Settled Claims and any and all claims arising out of, relating to, or in connection with the Settlement or resolution of the Action against the Released Parties (including Unknown Claims), and shall be forever barred and enjoined from commencing, instituting, or prosecuting the Settled Claims or any action or other proceeding, including any derivative action that (i) arises out of or relates to any of the acts, omissions, misrepresentations, facts, events, matters, transactions or occurrences referred to in the Action or otherwise alleged, asserted or contended in the Action or (ii) that could have been alleged, asserted or contended in any forum by the Class Members or any of them against any of the Released Parties which arise out of, relate to, or are based upon the allegations, transactions,

...

facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint, against any of the Released Parties with respect to, based on, or arising from the Settled Claims, except claims to enforce any of the terms of this Stipulation.

20.   All funds held by the Escrow Agents shall be deemed and considered to be in custodia legis of the Court in accordance with the Stipulation, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation, Plan of Allocation and/or further order(s) of the Court.

21.   Neither the Defendants nor any of the Released Parties nor their respective counsel shall have any responsibility for, interest in, or liability with respect to, the investment or distribution of the Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, any motion for reimbursement of attorneys' fees or reimbursement of expenses submitted by Lead Plaintiffs' Counsel, or the payment, or withholding of taxes, or any losses incurred in connection therewith, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

22.   Neither the Stipulation, nor any of its terms or provisions, nor any negotiations or proceedings connected with it, shall be construed as an admission or concession by any of the Defendants of the truth of any of the allegations in the Action, or of any liability, fault ,or wrongdoing of any kind.  If the Settlement is disapproved, cancelled or terminated in accordance with the terms of the Stipulation, the Stipulation shall have no force or effect except as provided in Paragraph L therein, and all negotiations, proceedings and statements made in connection therewith shall be without prejudice to the right of any persons, and the Parties to the Action shall be restored to their prior respective positions.

23. All papers in support of the Settlement, and any motion for Attorneys' Fees and Expenses and an award to Lead Plaintiffs shall be filed with the Court and served no later than fourteen (14) calendar days prior to the Settlement Hearing.

24. At or after the Settlement Hearing, the Court will determine whether the motion of Lead Plaintiffs' Counsel for an award of Attorneys' Fees and Expenses should be approved.

25. Only Class members shall have any rights with respect to approval of or objection to the Settlement, the Plan of Allocation or the motion of Lead Plaintiffs' Counsel for the payment of Attorneys' Fees and Expenses and any Award to Lead Plaintiffs.

26. The Court reserves the right to adjourn the date of the Settlement Hearing and any adjournment thereof without further notice to members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

27. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants or the Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

IT IS SO ORDERED, this  21st  day of  August , 2007.

/s/ Steven J. McAuliffe
HON. STEVEN MCAUFLIFFE
UNITED STATES DISTRICT JUDGE